IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **OMAR FULTON** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **No. 16-2563** |
| | : | |
| **SCI CHESTER** | : | |
| **JOHN WILLIAMS** | : | |

### MEMORANDUM

**Savage, J.**                                                                 **June 10, 2016**

Plaintiff Omar Fulton, a prisoner incarcerated at the State Correctional Institution at Fayette, filed this civil action against the State Correctional Institution at Chester and Lieutenant John Williams. He asserts claims based on the loss or destruction of his personal property. Plaintiff also seeks leave to proceed *in forma pauperis*.

We shall grant plaintiff leave to proceed *in forma pauperis*, and we shall dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### FACTS

According to his complaint, Omar Fulton was housed in the Restricted Housing Unit (RHU) at SCI-Chester on June 24, 2014. The next day, he was transported to Montgomery County for a court proceeding. Expecting to return, he left his personal property – "legal property," pictures of his son and daughter, and other "personal property"–in the RHU at SCI-Chester. (Compl. ¶ 9.) The Montgomery County court ordered him incarcerated at the Montgomery County facility until his criminal case there was resolved.

Plaintiff was incarcerated at the Montgomery County jail for approximately a year and a half. When he returned to SCI-Chester, he asked Lieutenant Williams, who is in

1

charge of the RHU at SCI-Chester, for his property. After looking for the property, Lieutenant Williams informed plaintiff that "she threw alway [sic] [the] property due to the fact that no one claim [sic] the property," even though plaintiff's name was on the property box. (Compl. ¶ 13.) Plaintiff claims to have suffered emotional distress due to the loss of his property.

Based on these allegations, Fulton asserts due process claims pursuant to 42 U.S.C. § 1983, and state law claims. He alleges that Williams negligently and/or "maliciously and sadistically" disposed of his property in violation of the Due Process Clause. (Compl. ¶ 16.) He also brings state tort claims. He seeks a declaration that his rights were violated, and $55,000 in compensatory and punitive damages.

## STANDARD OF REVIEW

It appears that he is incapable of paying the fees to commence this civil action. Therefore, having satisfied the requirements set forth in 28 U.S.C. § 1915, and Fulton's motion to proceed *in forma pauperis* is granted.

Because Fulton is proceeding as a *pro se* prisoner, 28 U.S.C. § 1915(e)(2)(B)(ii) requires that the complaint be dismissed if it fails to state a claim.

To survive dismissal, the complaint must contain "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As Fulton is proceeding *pro se*, we construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Wiliams*, 474 U.S. 327, 328 (1986). Therefore, Fulton cannot sustain a constitutional claim based on allegations that Williams negligently disposed of his property.

To the extent Williams intentionally deprived Fulton of his property, there is no basis for a due process claim because Pennsylvania law provides plaintiff with an adequate state remedy. *See Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (per curiam) (explaining that the Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property); *Tapp v. Proto*, 404 F. App'x 563, 567 (3d Cir. 2010) (per curiam) ("[D]eprivation of inmate property by prison officials does not state a cognizable due process claim if the prisoner has an adequate post-deprivation state remedy."). Accordingly, we shall dismiss Fulton's constitutional claims.[1]

It is unfortunate that Fulton's personal property was lost or misplaced. However, he has no federal cause of action. His only recourse is to pursue state law claims.

The only independent basis for jurisdiction over Fulton's state law claims is 28 U.S.C. § 1332(a), which grants a district court subject matter jurisdiction over a case in

---

[1] In any event, SCI-Chester is entitled to Eleventh Amendment immunity from any § 1983 claims and is not a "person" for purposes of that provision. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989) (a state may not be sued in federal court pursuant to § 1983 and is not a "person" for purposes of that provision); *Lavia v. Pa. Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000) (Pennsylvania Department of Corrections "shares in the Commonwealth's Eleventh Amendment immunity").

which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[2] The complaint does not allege the citizenship of the parties and an amount in controversy in excess of the jurisdictional threshold. Thus, his state law claims must be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

We shall dismiss Fulton's federal claims with prejudice and his state law claims without prejudice to his refiling those claims in state court. He will not be given leave to amend his complaint because amendment would be futile.

---

[2] Having dismissed plaintiff's federal claims, the Court will not exercise supplemental jurisdiction over his state law claims.